**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAPHAEL P. STRADWICK,

      Petitioner,

                                   CASE NO. 4:06-CV-10020

v.                               HONORABLE PAUL V. GADOLA

                                   UNITED STATES DISTRICT JUDGE

CAROL HOWE,

      Respondent.

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO REOPEN THE TIME FOR AN APPEAL

Raphael P. Stradwick, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from his conviction for first-degree murder and possession of a firearm in the commission of a felony. On April 30, 2007, this Court issued a conditional writ of habeas corpus, finding that petitioner had been deprived of the effective assistance of counsel because he and the co-defendant were represented by the same attorney at the preliminary examination. *Stradwick v. Howe,* No. 2007 WL 1267529 (E.D. Mich. April 30, 2007). The Court ordered the State of Michigan to either set a new trial date within ninety days of entry of the order, or release petitioner unconditionally. *Id.*

Respondent's counsel, Assistant Attorney General Laura A. Cook, has now filed a motion to reopen the time for filing the appeal. In her motion, Ms. Cook indicates that she was unaware of this Court's order from April 30, 2007 granting habeas relief, because she had gone on medical leave on April 9, 2007 for an unspecified medical illness and remained on such leave until July 9, 2007 and was unable to access her e-mail at work. Ms. Cook further indicates that although her secretary would normally have copied the electronic filing from this Court, her secretary had been laid off by

1

the State of Michigan on April 20, 2007.  Petitioner has filed a response in opposition to Ms. Cook's request to reopen the time for filing an appeal.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken.  This time limit is mandatory and jurisdictional.  *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978).  The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction.  *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

(A) The motion to reopen is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B)  The court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry;

(C)  The Court finds that no party would be prejudiced.

Respondent is not entitled to the reopening of the time to file an appeal.  This is not a case where respondent's counsel claims that her office never received timely electronic service of a copy of the Court's order and judgment via e-mail.  *Compare Dempster v. Dempster*, 404 F. Supp. 2d 445, 448-49 (E.D.N.Y. 2005).  Instead, respondent's counsel asks the Court to reopen the time for appeal because she was unable to access her e-mail while on medical leave and her secretary had been laid off on April 20, 2007, prior to the Court's decision.  In this case, respondent's counsel is not entitled

to an extension of time under 4(a)(6) to file an appeal, because it is undisputed that the Michigan Attorney General's Office received an e-mail notification of this Court's order granting habeas relief within twenty one days of the issuance of the judgment on April 30, 2007.  *Id.*

Finally, the Court will deny respondent's motion to reopen the time for appeal because petitioner would be prejudiced by granting the respondent's motion. Fed. R. Civ. P. 4(a)(6)(C).

Based on the foregoing, the motion to reopen the time for appeal [docket entry #39] is **DENIED**.

**SO ORDERED.**

Dated:   July 30, 2007                          s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 30, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                          Laura A. Cook                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Raphael P. Stradwick            .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845